IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **Eunice O. Jegede** | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | CIVIL NO. L-05-2388 |
| | : | |
| **UMMS** | : | |
| **Defendant.** | : | |
| | : | |

### MEMORANDUM

On August 30, 2005, Eunice Jegede ("Jegede") filed a Complaint with this Court, alleging violations of Title VII based on her race, religion, and national origin. Jegede had filed her Charge of Discrimination with the EEOC and the Baltimore Community Relations Commission on April 14, 2005, and the EEOC issued a "right to sue" notice on May 23, 2005. In her complaint, Jegede states that she received her "right to sue" notice on May 30, 2005. (Docket No. 1).

The defendant has moved to dismiss the complaint as untimely because it was not filed within the 90-day limitations period. For the reasons stated herein, the Court will GRANT the motion to dismiss, and DIRECT the Clerk to CLOSE the case.

### STANDARD

Ordinarily, a complaint should not be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) unless it appears beyond all doubt that the plaintiff can prove no set of facts in support of its claim which entitle it to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Labram v. Havel, 43 F.3d 918, 920 (4th Cir. 1995). The Court must accept as true all well-pleaded allegations of fact and view them in the light most favorable to the plaintiff. See Jenkins v. McKeithen, 395 U.S. 411, 421-22 (1969).

**ANALYSIS**

A "right to sue" notice states that "your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this Notice**; or your right to sue based on this charge will be lost." (emphasis in the original).  See also 42 U.S.C. § 2000e-5(f)(1).

The date the letter was received determines when the 90-day period begins.  If the date is unknown, the courts will presume that service by regular mail is received within three days pursuant to Rule 6(e) of the Federal Rules.  See Baldwin County Welcome Ctr v. Brown, 466 U.S. 147, 149-150 (1984).  If the date is known, however, that date governs.  Dixon v. Digital Equipment Corp., 976 F.2d 725 (4th Cir. 1992)(unpublished).

In this case, we know the date that Jegede received the notice on May 30, 2005; therefore, that date must govern.  She did not file her complaint until August 30, 2005.  The date of filing is 91 days from the date she received the letter from the EEOC.[1]  Accordingly, her suit is time-barred.

The 90-day period, however, is subject to equitable tolling.  See Harvey v. City of New Bern Police Dept., 813 F.2d 652 (4th Cir. 1987).  The district court must "conduct a thorough examination of the facts to determine if reasonable grounds exist for an equitable tolling of the filing period."  Id. at 654.

In response to the motion to dismiss, Jegede's counsel[2] filed a one-page response asserting that someone at the EEOC had told Jegede that she had 90 days "plus one week" to file. (Docket No. 12)  Jegede has not provided any affidavit supporting this claim and her

---

[1]     It is actually 92 days; however, the 90-day mark fell on a weekend, so Jegede should have filed on the Monday.  Instead she filed on the Tuesday.

[2]     Jegede's retained counsel after she filed her case.  Her counsel prepared the response to the Motion to Dismiss.

response cites no case law supporting grounds for equitable tolling.  Regardless, the Court finds that equitable tolling is not appropriate here.  The "right to sue" letter clearly states, in bold, underscored, lettering, that "your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this Notice**; or your  right to sue based on this charge will be lost."

Accordingly, the case is time-barred and will be dismissed.

**CONCLUSION**

For the reasons stated herein, the Court will DISMISS the Complaint and DIRECT the Clerk to CLOSE this file.


Dated this 15th day of August, 2006.


                                                 /s/
                                     Benson Everett Legg
                                     Chief Judge